However, proof is lacking on the question of the time when the notation was placed on the invoice stating the currency in which the merchandise was appraised to be "Free" Swiss francs. If it was made subsequent to the time the summary sheet was checked by the appraiser, it would constitute an attempted second appraisement which, under the decisions, would be void. *United States* v. *Tampa Box Co.*, 15 Ct. Cust. Appls. 360, T. D. 42561; *Carey & Skinner* v. *United States*, 16 Ct. Cust. Appls. 382, T. D. 43118; *United States* v. *Alex. Murphy & Co.*, id. 461, T. D. 43210; *James S. Kean* v. *United States*, 20 C. C. P. A. (Customs) 388, T. D. 46186. While the witness Reed stated it as his belief that said notation was placed on the invoice subsequent to the first appraisement, he failed to state the grounds for such belief and qualified his statement by saying that he had no personal knowledge as to that.

The appraiser checked the value on the summary sheet as correct. That value was the unit "entered value as represented by the information set forth on the invoice and in any importer's notations endorsed thereon or attached thereto." In this case, the information on the invoice showed the currency to be Swiss francs. On entry, the importers converted the Swiss francs into United States dollars. The collector, in liquidation, as shown by the notations on the entry, adopted a different rate of exchange from that used by the entrants, thereby arriving at different and higher values in United States dollars. That conversion of currency is the duty of the collector, is well settled. It is the duty of the appraiser to value the goods as of the time of exportation in the currency of the country from which they are imported, and it is the duty of the collector to convert that valuation into United States currency at the proclaimed or certified rate. *Masson* v. *United States*, 1 Ct. Cust. Appls. 149, T. D. 31209. See also *Giovanni Ascione* v. *United States*, 32 Treas. Dec. 725, T. D. 37252.

Upon the record before us, we find that plaintiffs have not sustained their burden of proof. The protest is, therefore, overruled. Judgment will be rendered for the defendant.

**No. 58272.**—Mrs. Alexandra Kulakova *v.* United States, protest 155842–K/2440 (Chicago).

Opinion by EKWALL, J. It was stipulated that the Federal Reserve bank certified dual rates of exchange for the currency involved in the liquidation of the entry for the date of exportation of the merchandise covered by the entry and that the circumstances relating to the liquidation of the said entry are similar in all material respects to those in Abstract 54732. In view of this stipulation and following the cited decision it was held that the currency of the invoice should have been converted in the manner directed by the judgment of this court in said Abstract 54732, in accordance with Bureau of Customs Circular Letter No. 2675, dated October 19, 1949.

**No. 58273.**—Weiss Embroidery Co., Inc. *v.* United States, protest 223123–K (New York).

Opinion by EKWALL, J. It was stipulated that the Federal Reserve bank certified dual rates of exchange for the currency involved in the liquidation of the entry for the date of exportation of the merchandise covered by the entry and that the circumstances relating to the liquidation of the said entry are similar in

all material respects to those in Abstract 54732. In view of this stipulation and following the cited decision it was held that the currency of the invoice should have been converted in the manner directed by the judgment of this court in said Abstract 54732, in accordance with Bureau of Customs Circular Letter No. 2675, dated October 19, 1949.

No. 58274.—Empire Liquor Corp. et al. v. United States, protests 122331–K, etc. (New York).

Opinion by EKWALL, J. For the reasons stated in *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiffs was sustained.

No. 58275.—Deauville Watch Corp. v. United States, protest 211868–K (New York).

Opinion by EKWALL, J. At the trial, plaintiff's secretary stated the claim to be that the appraisement of the watches in question was made by the appraiser, without an allowance for a 5 percent discount. In an attempt to comply with information obtained from the appraiser, the entry was amended, but the item of 5 percent discount was omitted. It is contended that this omission was cured by a notation on the amended sheet, submitted by plaintiff, reading "Amended as per appraiser's letter of 10/25/51," and that the appraiser should have allowed the discount, inasmuch as the letter referred to stated that such discount was allowable. The court held that the claims were not supported by the proof presented, the evidence showing that the increased duty was not due to the rate at which the currency was converted but was due to the failure of plaintiff to indicate that a 5 percent discount should have been deducted from the amended values. Inasmuch as the plaintiff failed to resort to its remedy by appeal to reappraisement, the collector was bound by the appraised value, which did not allow for a 5 percent discount (section 503 (c), in effect at the time of entry herein). On the record presented, the protest was overruled.

No. 58276.—W. J. Byrnes & Co. of N. Y., Inc. v. United States, protest 224201–K (New York).

Opinion by EKWALL, J. An examination of the official papers failing to disclose any reason for disturbing the action of the collector, which was presumptively correct, the protest was overruled.

JULY 13, 1954

No. 58277.—SUIT 4782.—Mattoon & Co., Inc., a/c Philip Senegram Co. v. United States.

C. D. 1525 reversed April 9, 1954. C. A. D. 563.